IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADAM BLAKE PERRITT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-CV-146 |
| | § | |
| GREGG ORR AUTO COLLECTION, | § | |
| INC. AND CPI INSURANCE | § | |
| COMPANY, A/K/A COBRA | § | |
| PROFESSIONAL, INC. | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## **DEFENDANT, GREGG ORR AUTO COLLECTION, INC.'S ORIGINAL ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Gregg Orr Auto Collection, Inc., a Defendant in the above entitled and numbered cause, and files this Defendant's Answer. In support thereof, Gregg Orr Auto Collection, Inc. would respectfully show the Court the following:

### ANSWER

1. Defendant admits the allegations of Paragraph no. 1 of Plaintiff's Complaint.

2. Defendant admits that Gregg Orr Auto Collection, Inc. is a Texas corporation with its principal place of business being located in Texarkana, Texas, as alleged in Paragraph no. 2 of Plaintiff's Complaint. Said Defendant operates as the parent company for multiple stand alone automobile dealerships which function as separate corporate entities. Defendant denies that its primary place of business is 400 Spur 63, Longview, Texas.

3. Defendant admits that CPI Insurance Company acted as the plan administrator for the employee health plan which covered Orr Motors of Longview, Inc. to the extent that

such has been asserted in Paragraph no. 3 of Plaintiff's Complaint. Otherwise, Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations of Paragraph no. 3 of Plaintiff's Complaint.

4. Defendant admits that jurisdiction is proper in this Court as for Plaintiff's COBRA claim, as same has been asserted in Paragraph no. 5 of Plaintiff's Complaint. Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegation or claim that this Court has supplemental jurisdiction as for state law claims which have not been properly of sufficiently articulated. Defendant denies that Plaintiff has standing to pursue a wrongful death claim by way of 71.001 et al of the Tex. Civ. Prac. and Rem. Code or that Plaintiff can pursue a wrongful death claim under 29 USC § 1161(COBRA).

5. Defendant admits that venue is proper in this Court, as same has been asserted in Paragraph no. 5 of Plaintiff's Complaint.

6. Defendant denies that Plaintiff was an employee of Gregg Orr Auto Collection, Inc. as same has been asserted in Paragraph no. 6 of Plaintiff's Complaint. Defendant admits that Plaintiff was an employee of Orr Motors of Longview, Inc. and that his salary was $5,000.00 per month plus 4% commission.

7. Defendant admits that Plaintiff enrolled himself and his family in the Blue Cross/Blue Shield health plan provided by his employer as alleged in Paragraph no. 7 of Plaintiff's Complaint. Defendant denies that Plaintiff was an employee of Gregg Orr Auto Collection, Inc. Defendant denies that Plaintiff elected to participate in the health plan at the initiation of his employment.

8. Defendant admits that the health plan in question is governed by ERISA as alleged in Paragraph no. 8 of Plaintiff's Complaint.

9. Defendant admits that CPI Insurance Company was the plan administrator for the health plan in question as alleged in Paragraph no. 9 of Plaintiff's Complaint.

10. Defendant denies the allegations of Paragraph no. 10 of Plaintiff's Complaint.

11. Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations of Paragraph no. 11 of Plaintiff's Complaint.

12. Defendant lacks information or knowledge sufficient to admit or deny the allegation that Plaintiff's wife submitted claims under the health plan which related to the asserted "serious pre-existing medical condition", as such has been asserted in Paragraph no. 12 of Plaintiff's Complaint.

13. Defendant admits that Adam Blake Perritt was terminated on March 31, 2020, as alleged in Paragraph no. 13 of Plaintiff's Complaint. Otherwise, Defendant specifically denies the allegations of Paragraph no. 13 of Plaintiff's Complaint. Defendant asserts that Plaintiff was terminated for a legitimate nondiscriminatory reason.

14. Defendant denies the allegations of Paragraph no. 14 of Plaintiff's Complaint.

15. Defendant denies the allegations of Paragraph no. 15 of Plaintiff's Complaint.

16. Defendant admits that Justin Lawrence assumed the position of sales manager, as same has been asserted in Paragraph no. 16 of Plaintiff's Complaint. Otherwise, Defendant denies that Plaintiff properly or efficiently performed his job duties at Orr Motors of Longview, Inc.

17. Defendant denies the allegations of Paragraph no. 17 of Plaintiff's Complaint.

18. Defendant denies the allegations of Paragraph no. 18 of Plaintiff's Complaint.

19. Defendant denies the allegations of Paragraph no. 19 of Plaintiff's Complaint.

20. Defendant denies the allegations of Paragraph no. 20 of Plaintiff's Complaint.

21. Defendant denies the allegations of Paragraph no. 21 of Plaintiff's Complaint.

22. Defendant denies the allegations of Paragraph no. 22 of Plaintiff's Complaint.

23. Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations of Paragraph no. 23 of Plaintiff's Complaint.

24. Defendant denies the allegations of Paragraph no. 24 of Plaintiff's Complaint.

25. Defendant denies the allegations of Paragraph no. 25 of Plaintiff's Complaint.

26. Defendant denies the allegations of Paragraph no. 26 of Plaintiff's Complaint.

27. Defendant denies the allegations of Paragraph no. 27 of Plaintiff's Complaint.

28. Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations of Paragraph no. 28 of Plaintiff's Complaint. Defendant denies the existence of any causal connection between the death of Plaintiff's spouse and the ERISA or COBRA claims alleged against Defendant.

29. Defendant denies the allegations of Paragraph no. 29 of Plaintiff's Complaint.

30. Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations of Paragraph no. 30 of Plaintiff's Complaint.

31. Defendant denies the allegations of Paragraph no. 31 of Plaintiff's Complaint.

32. Defendant lacks information or knowledge sufficient to admit or deny the truth of the allegations of Paragraph no. 32 of Plaintiff's Complaint. Defendant denies any

connection between the legitimate termination of Adam Blake Perritt and the death of Mr. Perritt's wife.

33. Defendant denies the allegations of Paragraph no. 33 of Plaintiff's Complaint.

34. Defendant incorporates its response to Paragraph no.'s 1 through 33 of Plaintiff's Complaint as if set forth herein and in response to that asserted in Paragraph no. 34 of Plaintiff's Complaint.

35. Defendant admits that Plaintiff has properly referenced or cited a portion of ERISA § 510 at Paragraph no. 35 of Plaintiff's Complaint. However, Defendant would note that Plaintiff has failed to recite all aspects of the statute as same apply to this matter. Defendant asserts that Adam Blake Perritt was terminated for a legitimate nondiscriminatory reason.

36. Defendant denies the allegations of Paragraph no. 36 of Plaintiff's Complaint to the extent that Plaintiff asserts that Defendant terminated Adam Blake Perritt in order to prevent "a health plan vesting." Defendant asserts that Adam Blake Perritt was terminated for a legitimate nondiscriminatory reason.

37. Defendant denies the allegations of Paragraph no. 37 of Plaintiff's Complaint to the extent that Plaintiff asserts that Defendant has breached any terms of the ERISA statute. Defendant asserts that Adam Blake Perritt was terminated for a legitimate nondiscriminatory reason. Defendant admits that the health plan in question is governed by ERISA.

38. Defendant denies the allegations of Paragraph no. 38 of Plaintiff's Complaint.

39. Defendant denies the allegations of Paragraph no. 39 of Plaintiff's Complaint.

40. Defendant incorporates its response to Paragraph no.'s 1 through 39 of Plaintiff's Complaint as if set forth herein, and in response to that asserted in Paragraph no. 40 of Plaintiff's Complaint.

41. Defendant admits that Plaintiff had coverage under the group health plan provided by Orr Motors of Longview, Inc. as alleged in Paragraph no. 41 of Plaintiff's Complaint. Otherwise, Defendant denies the allegations of Paragraph no. 41 of Plaintiff's Complaint.

42. Defendant denies the allegations of Paragraph no. 42 of Plaintiff's Complaint.

43. Defendant denies the allegations of Paragraph no. 43 of Plaintiff's Complaint.

44. Defendant denies the allegations of Paragraph no. 44 of Plaintiff's Complaint.

45. Defendant denies the allegations of Paragraph no. 45 of Plaintiff's Complaint.

46. Defendant denies the allegations of Paragraph no. 46 of Plaintiff's Complaint.

47. Defendant denies the allegations of Paragraph no. 47 of Plaintiff's Complaint.

48. To the extent that such is allowed, Defendant joins Plaintiff's request for trial by jury, as same has been asserted in Paragraph no. 48 of Plaintiff's Complaint.

49. Defendant denies the allegations of Paragraph no. V (subparts 1 through 6) of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

50. Defendant denies any and all allegations of fault or any violation of section 510 of ERISA or section 1161 of COBRA. Defendant denies all allegations of fault set forth in Plaintiff's Complaint.

51. Defendant asserts that Adam Blake Perritt was terminated for a legitimate nondiscriminatory reason.

52. Defendant asserts that Adam Blake Perritt was negligent or at fault in many particulars which proximately caused or contributed to cause the incident and the alleged damages, if any, and contributory negligence and/or comparative fault is plead by way of a defense.

53. Defendant asserts that Plaintiff has failed to mitigate his damages.

54. Defendant asserts that Plaintiff does not have standing to pursue a wrongful death claim pursuant to § 71.001 et al of the Tex. Civ. Prac. and Rem. Code as concerns the death of his wife by way of 29 U.S.C. § 1161 (COBRA). Defendant specifically denies the presence of an "injury" as defined by § 71.002 of the Tex. Civ. Prac. and Rem. Code and/or the existence of a causal connection between the alleged conduct of Defendant and the death of Plaintiff's spouse.

55. Defendant incorporates herein as if fully recited in this answer, all terms and condition of the health plan in question and pleads all requirements, conditions and terms as an affirmative defense with respect to Plaintiff's wrongful death claim, as if fully stated herein.

## JURY DEMAND

56. Defendant requests trial by jury in furtherance of the rights conveyed under the Constitution and laws of the United States and the state of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant, Gregg Orr Auto Collection, Inc. requests that Plaintiff take nothing by his action herein, and that Defendant be discharged and recover its cost in this behalf expended, and for such other and further relief to which Defendant may be justly entitled both at law or in equity.

Respectfully Submitted,

/s/ Jeffrey C. Elliott
Jeffrey C. Elliott
Arkansas Bar No. 85049
Oklahoma Bar No. 014891
Texas Bar No. 06539500

ELLIOTT LAW FIRM
5519 Plaza Drive
Texarkana, Texas 75503
Phone: (903)838-1098
Fax: (903)838-1204
jeff@jeffelliottlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, on this the 4th day of May, 2021.

Nicholas A. O'Kelly
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204

/s/ Jeffrey C. Elliott
Jeffrey C. Elliott