IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADAM BLAKE PERRITT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-CV-146 |
| | § | |
| ORR MOTORS OF SHREVEPORT, | § | |
| INC., GREGG ORR AUTO | § | |
| COLLECTION, INC., ORR MOTORS | § | |
| OF LONGVIEW, INC. AND CONEXIS | § | |
| BENEFITS ADMINISTRATORS, L.P. | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## DEFENDANT, ORR MOTORS OF LONGVIEW, INC.'S
## FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Orr Motors of Longview, Inc., a Defendant in the above entitled and numbered cause, and files this Defendant's First Amended Answer. In support thereof, Orr Motors of Longview, Inc. would respectfully show the Court the following:

ANSWER

1.    Defendant admits the allegations of Paragraph no. 1 of Plaintiff's Complaint.

2.    Defendant admits that Orr Motors of Shreveport, Inc. is a for profit corporation, as alleged in Paragraph no. 2 of Plaintiff's Complaint. Defendant denies that Orr Motors of Shreveport, Inc. is a Texas corporation or that its primary place of business is 400 Spur 63, Longview, Texas. Defendant also denies that its principal place of business is 4333 Mall Drive, Texarkana, Texas, or that it operates a dealership in Texas. Defendant likewise denies that Orr Motors of Shreveport, Inc. and Gregg Orr Auto Collection, Inc. are one in

the same business or that Orr Motors of Shreveport, Inc. operates as an "a/k/a" of Gregg

Orr Auto Collection, Inc. (or vice-versa).  Defendant admits that Orr Motors of Shreveport,

Inc. served as the conduit by which health insurance coverage and employee benefit plans

were made available to employees of the multiple stand alone Orr automobile dealerships

(which functioned as separate corporate entities).  Defendant admits that the plans were

administered by written service agreements with Conexis Benefits Administrators, L.P. and

Blue Cross and Blue Shield of Louisiana.  Otherwise, Defendant denies the allegations of

Paragraph no. 2 of Plaintiff's Complaint.

3.      Defendant admits that Orr Motors of Longview, Inc. is a for profit corporation, with

its principal pace of business located in Longview, Texas, as alleged in Paragraph no. 3 of

Plaintiff's Complaint.  Defendant admits that Orr Motors of Longview, Inc. is engaged in the

sale of automobiles to the public.

4.      Defendant admits that Conexis Benefits Administrators, L.P. served as the COBRA

administrator as concerns benefits made available to employees of Orr Motors of Longview,

Inc. as alleged in Paragraph no. 4 of Plaintiff's Complaint.  Defendant would note that the

duty of Conexis Benefits Administrators, L.P. was restricted to the written administrative

agreement between Conexis Benefits Administrators, L.P. and Orr Motors of Shreveport,

Inc.   Otherwise, Defendant specifically denies the allegations of Paragraph no. 4 of

Plaintiff's Complaint.

5.      Defendant admits that jurisdiction is proper in this Court as for Plaintiff's COBRA

claim, as alleged in Paragraph no. 5 of Plaintiff's Complaint.  Defendant lacks information

or knowledge sufficient to admit or deny the truth of the allegation or claim that this Court

has supplemental jurisdiction as for state law claims which have not been properly of sufficiently articulated.  Defendant denies that Plaintiff has standing to pursue a wrongful death claim by way of 71.001 et al of the Tex. Civ. Prac. and Rem. Code or that Plaintiff can pursue a wrongful death claim under 29 USC § 1161(COBRA).

6.     Defendant admits that venue is proper in this Court, as alleged in Paragraph no. 6 of Plaintiff's Complaint.

7.      Defendant admits that Plaintiff was an employee of Orr Motors of Longview, Inc., as alleged in Paragraph no. 7 of Plaintiff's Complaint.  Defendant admits that Plaintiff's salary was $5,000.00 per month plus 4% commission.  Otherwise, Defendant specifically denies the allegations of Paragraph no. 7 of Plaintiff's Complaint.

8.     Defendant admits that Plaintiff enrolled himself and his family in the Blue Cross/Blue Shield health plan provided by his employer, as alleged in Paragraph no. 8 of Plaintiff's Complaint.  Defendant also acknowledges that Conexis and Blue Cross/Blue Shield performed services in furtherance of the respective written agreements with Orr Motors of Shreveport, Inc.  Otherwise, Defendant specifically denies the allegations of Paragraph no. 8 of Plaintiff's Complaint.

9.     Defendant admits that the health plan in question was governed by ERISA, as alleged in Paragraph no. 9 of Plaintiff's Complaint.

10.     Defendant admits that Orr Motors of Longview, Inc. had a duty to notify Conexis Benefits Administrators, L.P. of the change in employment status of Plaintiff, as alleged in Paragraph no. 10 of Plaintiff's Complaint.  Defendant asserts that information concerning COBRA continuation coverage was provided to Plaintiff at the conclusion of his

employment.  Otherwise, Defendant specifically denies the allegations of Paragraph no. 10 of Plaintiff's Complaint.

11.     Defendant admits that Orr Motors of Longview, Inc. had a duty to notify Conexis Benefits Administrators, L.P. of the change in employment status of Plaintiff, as alleged in Paragraph no. 11 of Plaintiff's Complaint.  Defendant asserts that information concerning COBRA continuation coverage was provided to Plaintiff at the conclusion of his employment.  Otherwise, Defendant specifically denies the allegations of Paragraph no. 11 of Plaintiff's Complaint.

12.     Defendant denies the allegations of Paragraph no. 12 of Plaintiff's Complaint.

13.     Defendant denies the allegations of Paragraph no. 13 of Plaintiff's Complaint.

14.     Defendant admits that health claims were submitted by Plaintiff and paid, as alleged in Paragraph no. 14 of Plaintiff's Complaint.  Otherwise, Defendant specifically denies the allegations of Paragraph no. 14 of Plaintiff's Complaint.  Defendant denies any detailed or substantive knowledge of health issues faced by Plaintiff's spouse.

15.     Defendant denies the allegations of Paragraph no. 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations of Paragraph no. 16 of Plaintiff's Complaint. Defendant asserts that Adam Blake Perritt was terminated by Orr Motors of Longview, Inc. for a legitimate nondiscriminatory reason.

17.     Defendant denies the allegations of Paragraph no. 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations of Paragraph no. 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations of Paragraph no. 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations of Paragraph no. 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations of Paragraph no. 21 of Plaintiff's Complaint.

22.	Defendant denies the allegations of Paragraph no. 22 of Plaintiff's Complaint.

23.	Defendant denies the allegations of Paragraph no. 23 of Plaintiff's Complaint.

24.	Defendant denies the allegations of Paragraph no. 24 of Plaintiff's Complaint.

25.	Defendant denies the allegations of Paragraph no. 25 of Plaintiff's Complaint.

26.	Defendant denies the allegations of Paragraph no. 26 of Plaintiff's Complaint.

27.	Defendant denies the allegations of Paragraph no. 27 of Plaintiff's Complaint.

28.	Defendant denies the allegations of Paragraph no. 28 of Plaintiff's Complaint.

29.	Defendant denies the allegations of Paragraph no. 29 of Plaintiff's Complaint.

30.	Defendant denies the allegations of Paragraph no. 30 of Plaintiff's Complaint.

31.	Defendant denies the allegations of Paragraph no. 31 of Plaintiff's Complaint.

32.	Defendant denies the allegations of Paragraph no. 32 of Plaintiff's Complaint.

33.	Defendant denies the allegations of Paragraph no. 33 of Plaintiff's Complaint.

34.	Defendant denies the allegations of Paragraph no. 34 of Plaintiff's Complaint.

35.	Defendant denies the allegations of Paragraph no. 35 of Plaintiff's Complaint.

36.	Defendant denies the allegations of Paragraph no. 36 of Plaintiff's Complaint.

37.	Defendant incorporates its response to Paragraph no.'s 1 through 36 of Plaintiff's Complaint as if set forth herein and in response to that asserted in Paragraph no. 37 of Plaintiff's Complaint.

38.	Defendant admits that Plaintiff has referenced or cited a portion of ERISA § 510 at Paragraph no. 38 of Plaintiff's Complaint.  However, Defendant would note that Plaintiff has failed to recite all aspects of the statute as same apply to this matter.  Defendant asserts that Adam Blake Perritt was terminated for a legitimate nondiscriminatory reason.

39.    Defendant denies the allegations of Paragraph no. 39 of Plaintiff's Complaint.

40.    Defendant denies the allegations of Paragraph no. 40 of Plaintiff's Complaint.

41.    Defendant denies the allegations of Paragraph no. 41 of Plaintiff's Complaint.

42.    Defendant denies the allegations of Paragraph no. 42 of Plaintiff's Complaint.

43.    Defendant incorporates its response to Paragraph no.'s 1 through 42 of Plaintiff's

Complaint as if set forth herein, and in response to that asserted in Paragraph no. 43 of

Plaintiff's Complaint.

44.    Defendant denies the allegations of Paragraph no. 44 of Plaintiff's Complaint.

45.    Defendant denies the allegations of Paragraph no. 45 of Plaintiff's Complaint.

46.    Defendant denies the allegations of Paragraph no. 46 of Plaintiff's Complaint.

47.    Defendant denies the allegations of Paragraph no. 47 of Plaintiff's Complaint.

48.    Defendant denies the allegations of Paragraph no. 48 of Plaintiff's Complaint.

49.    Defendant denies the allegations of Paragraph no. 49 of Plaintiff's Complaint.

50.    Defendant denies the allegations of Paragraph no. 50 of Plaintiff's Complaint.

51.    To the extent that such is allowed, Defendant joins Plaintiff's request for trial by

jury, as same has been asserted in Paragraph no. 51 of Plaintiff's Complaint.

52.    Defendant denies the allegations of Paragraph no. VI (subparts 1 through 6) of

Plaintiff's Complaint.

<u>AFFIRMATIVE DEFENSES</u>

53.    Defendant denies any and all allegations of fault or any violation of section 510 of

ERISA or section 1161 of COBRA.  Defendant denies all allegations of fault set forth  in

Plaintiff's Complaint.

54.     Defendant asserts that Adam Blake Perritt was terminated by Orr Motors of Longview, Inc. for a legitimate nondiscriminatory reason.  Defendant asserts that Plaintiff was terminated because of poor performance and poor behavior.

55.     Defendant asserts that due to the COVID-19 pandemic, the duty of an employer to issue a COBRA notice following the occurrence of a qualifying event was extended to one year from the date by which the participant (Adam Perritt) was first eligible for relief.  See, 85 Fed. Reg. 26351 (May 4, 2020) as clarified by EBSA Disaster Relief Notice 2021-01 (the "Final Rule").  Thus, Defendant asserts that by the COBRA notice issued to Plaintiff on December 4, 2020, its COBRA notice obligation was fulfilled.

56.     Defendant asserts that Adam Blake Perritt was negligent or at fault in many particulars which proximately caused or contributed to cause the incident and the alleged damages, if any, and contributory negligence and/or comparative fault is plead by way of a defense.  Defendant would show that Adam Blake Perritt was negligent or at fault by his failure to obtain available group health insurance for himself and his family after March 31, 2020.  Furthermore, he was negligent in failing to seek out continuation benefits after the issuance of the COBRA notice on December 4, 2020.

57.     Defendant asserts that Cassidy Perritt was negligent or at fault in many particulars which proximately caused or contributed to cause the incident and the alleged damages, if any, and contributory negligence and/or comparative fault is plead by way of a defense. Defendant would show that Cassidy Perritt was negligent or at fault by her failure to obtain available group health insurance after March 31, 2020.  Furthermore, she was negligent in failing to seek out medical care (if necessary) after March 31, 2020.

58.     Defendant asserts that participant, Adam Blake Perritt failed to mitigate his damages by failing to seek out group health insurance following March 31, 2020 and/or by failing to seek out available medical care (with respect to Cassidy Perritt's alleged and disputed health difficulty).

59.     Defendant asserts that beneficiary, Cassidy Perritt failed to mitigate her damages by failing to seek out group health insurance following March 31, 2020 and/or by failing to seek out available medical care (with respect to Cassidy Perritt's alleged and disputed health difficulty).

60.     Defendant asserts that Adam Blake Perritt does not have standing by 29 U.S.C. § 1132(a)(1)(B) (ERISA law) to pursue medical costs incurred on the part of a beneficiary (i.e., Cassidy Perritt).

61.     Defendant incorporates herein as if fully recited in this answer, all terms and condition of the health plan in question and pleads all requirements, conditions and terms as a defense with respect to Plaintiff's ERISA and COBRA claim, as if fully stated herein.

<u>JURY DEMAND</u>

62.     Defendant requests trial by jury in furtherance of the rights conveyed under the Constitution and laws of the United States and the state of Texas.

        WHEREFORE, PREMISES CONSIDERED, Defendant, Orr Motors of Longview, Inc. requests that Plaintiff take nothing by his action herein, and that Defendant be discharged and recover its cost in this behalf expended, and for such other and further relief to which Defendant may be justly entitled both at law or in equity.

Respectfully Submitted,


 _/s/  Jeffrey  C.  Elliott_____
Jeffrey C. Elliott
Arkansas Bar No. 85049
 Oklahoma Bar No. 014891
Texas Bar No. 06539500

ELLIOTT LAW FIRM
5519 Plaza Drive
Texarkana, Texas 75503
Phone: (903)838-1098
Fax: (903)838-1204
jeff@jeffelliottlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, on this the __28th__ day of December, 2022.

Nicholas A. O'Kelly
KILGORE LAW CENTER
3141 Hood Street, Suite 500
Dallas, Texas 75219


 _/s/ Jeffrey C. Elliott_____
Jeffrey C. Elliott